# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE LEON PROCTOR,** | : | |
|    Petitioner, | : | |
| | : | **No. 1:19-cv-630** |
| v. | : | |
| | : | **(Judge Rambo)** |
| **SCOTT FINLEY,** | : | |
|    Respondent | : | |

## **MEMORANDUM**

On April 11, 2019, *pro se* Petitioner Bruce Leon Proctor ("Petitioner"), who is currently incarcerated at the Residential Reentry Center in Pittsburgh, Pennsylvania ("Pittsburgh RRM"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"). (Doc. No. 1.) Petitioner filed a memorandum of law in support of his petition on April 19, 2019. (Doc. No. 4.) Petitioner challenges the calculation of his sentence and seeks restoration of pre-sentence credit from January 10, 2012 to August 29, 2012. (*Id.* at 2.) In an Order dated June 6, 2019, the Court directed Respondent to show cause why Petitioner should not receive the relief sought. (Doc. No. 6.) After receiving two (2) extensions of time (Doc. Nos. 9, 11, 13, 14), Respondent filed a response on July 31, 2019 (Doc. No. 15). Petitioner filed

his traverse on September 5, 2019. (Doc. No. 17.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

I. BACKGROUND

On January 10, 2012, the Pittsburgh City Police Department arrested Petitioner and charged him with possession with intent to distribute a controlled substance and possession of a controlled substance. (Doc. No. 15-1 at 3, 17.) On January 11, 2012, the charges were dropped. (*Id.* at 3.) However, a parole violator detainer remained against Petitioner. (*Id.*)

On March 1, 2012, the United States Marshals Service, pursuant to a federal writ of habeas corpus *ad prosequendum*, borrowed Petitioner from state custody. (*Id.* at 3-4, 19-20.) On August 30, 2012, the United States District Court for the Western District of Pennsylvania sentenced Petitioner to 121 months of incarceration for possession with intent to distribute heroin. (*Id.* at 4, 22-23.) That court recommended that Petitioner's sentence "begin forthwith." (*Id.* at 23.)

On June 1, 2017, the Bureau of Prisons ("BOP") made the decision to return Petitioner to the custody of the Pennsylvania Department of Corrections ("DOC"). (*Id.* at 4, 38.) This decision was made because Petitioner erroneously remained in federal custody following his sentencing and should have been returned to state custody. (*Id.* at 38.) Petitioner was returned to the custody of the DOC on July 25,

2017 with a federal detainer lodged against him. (*Id.* at 4, 40.) On August 1, 2017, the BOP removed Petitioner's prior custody credit for January 10, 2012 through August 29, 2012, because this time was applied to his state sentence. (*Id.* at 4, 38.) The BOP also noted that the date on which Petitioner's federal sentence commenced would be August 30, 2012. (*Id.* at 38.) The DOC awarded Petitioner prior custody credit towards his parole violation from January 10, 2012 through January 10, 2018, the date on which Petitioner was paroled and transferred to the custody of the United States Marshals Service to serve his federal sentence. (*Id.* at 5.) According to the BOP's inmate locator service, Petitioner's expected release date is set for April 10, 2020.

In his § 2241 petition, Petitioner seeks the restoration of the presentence credit for the period from January 10, 2012 through August 29, 2012. (Doc. No. 4 at 2.) Specifically, Petitioner alleges that the Western District of Pennsylvania sentenced him "forthwith" and that "forthwith" translates to "immediately," which is sufficient for a concurrent sentencing recommendation in light of *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). (*Id.* at 2-3; Doc. No. 1 at 7.)

## II. DISCUSSION

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. 18 U.S.C. § 3585; *United*

3

*States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two (2) steps: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which the inmate may be entitled. *See Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

With respect to the date on which a federal sentence commences, section 3585(a) provides that the sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence cannot commence earlier than the date on which it was imposed. *See Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)). Here, the BOP has noted that Petitioner's federal sentence commenced on August 30, 2012, the date on which it was imposed. (Doc. No. 15-1 at 14, 38.)

As noted above, Petitioner seeks restoration of pre-sentence credit for the period from January 10, 2012 through August 29, 2012. (Doc. No. 4 at 2.) Credit for time spent in custody prior to the commencement of a federal sentence is controlled by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

When two (2) different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. *See Chambers*, 920 F. Supp. at 622. Thus, "[p]roducing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody." *Id.* Therefore,

> [t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting sentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody.

*Hester v. Lane*, No. 3:18-cv-936, 2019 WL 5692769, at *2 (M.D. Pa. Nov. 4, 2019) (quoting BOP Program Statement 588.28, *Sentence Computation Manual*).

Here, Petitioner was borrowed from state custody by the United States Marshals Service via a writ of habeas corpus *ad prosequendum*. He was erroneously

held in the custody of the BOP after his federal sentence was imposed on August 30, 2012. In such cases,

> [w]hen it has been determined an inmate was committed improperly to federal custody and primary jurisdiction resides with a state sovereign (i.e., the inmate was under the jurisdiction of the federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff . . . will make every effort to return the inmate to state custody.

*Harris v. Quintana*, No. 09-cv-318, 2012 WL 2979056, at *14 (W.D. Pa. July 20, 2012) (quoting BOP Program Statement 5160.05). Generally, "[a] return to the state means that the federal sentence should be considered as **not** having commenced since transfer to the Bureau was in error." *Id.* (quoting BOP Program Statement 5160.05). Although Petitioner initially received credit towards his federal sentence for the period from January 10, 2012 through August 29, 2012, he later received that same credit toward his state sentence when he was returned to DOC custody after the BOP discovered its error. (Doc. No. 15-1 at 4-5, 38.) Because that time was credited toward Petitioner's state sentence, it cannot now again be credited toward his federal sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337 (noting that "Congress made clear that a defendant could not receive double credit for his detention time"); *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In his traverse, Petitioner asserts that the BOP should award him a *nunc pro tunc* designation in light of the Third Circuit's decision in *Barden*. As this Court has previously noted:

> [i]f the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. [§] 3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation *nunc pro tunc*.

*McCarthy v. Warden*, No. 1:12-cv-846, 2013 WL 3943551, at *3 (M.D. Pa. July 29, 2013) (citing 18 U.S.C. § 3621; *Setser v. United States*, 566 U.S. 231, 234-36 (2012); *Barden*, 921 F.2d at 478); *see also Prescod, Jr. v. Schuylkill*, 630 F. App'x 144, 147 (3d Cir. 2015) (noting that, pursuant to BOP Program Statement 5160.05, federal and state sentences "should run concurrently 'only when it is consistent with the intent of the sentencing [f]ederal court, or with the goals of the criminal justice system'").

Here, the BOP determined that Petitioner's federal sentence commenced on August 30, 2012, the date it was imposed by the Western District of Pennsylvania. (Doc. No. 15-1 at 14, 38.) Although "the BOP has the power under 18 U.S.C. § 3621 to effectively give an inmate double credit by *nunc pro tunc* designating the place of confinement for a federal sentence," *Biear v. Hollingsworth*, No. 13-3501

7

(NLH), 2016 WL 4119936, at *5 (D.N.J. Aug. 2, 2016), the BOP did not have the power to do so for the period from January 10, 2012 through August 29, 2012. As discussed above, § 3585(b) "prohibits the BOP from giving a prisoner double credit through a *nunc pro tunc* designation for time served *prior to commencement* of the federal sentence, and a federal sentence cannot commence under 18 U.S.C. § 3585(a) before the date on which it was imposed." *Hernandez-Rivera v. Hollingsworth*, No. 16-551 (NLH), 2016 WL 4820619, at *6 (D.N.J. Sept. 14, 2016). Accordingly, Petitioner is not entitled to the relief he seeks in light of the record and governing authority.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 10, 2020